UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUIS WILBERT BOYD, JR.                    CIVIL ACTION

VERSUS                                     NUMBER: 09-7647

KELLY LASHER, ET AL.                       SECTION: "I"(5)

## REPORT AND RECOMMENDATION

The above-captioned matter is a proceeding brought under 42 U.S.C. §1983 by pro se plaintiff, Louis Wilbert Boyd Jr., against defendant, "John/Jane Doe," the fictitiously-named medical director of the Nelson Coleman Correctional Center ("NCCC"), Killona, Louisiana.[1]/

---

[1]/ Although plaintiff includes the names of various other individuals as defendants in the caption of his complaint, a review of page four thereof, wherein he was asked to list each defendant separately, as well as his statement of claim set forth on page five, readily reveals that he is suing but one defendant in this case, namely, "John/Jane Doe."
  The Court is compelled to note plaintiff's untruthful negative answer to Question No. I(A) of the pre-printed §1983 complaint form wherein he was asked whether he had previously filed any other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment. (Complt., pp. 1-2). A review of the Court's records reveals that in the past year alone plaintiff has filed at least eight lawsuits here.

Plaintiff is a pre-trial detainee who is presently housed at NCCC. As his statement of claim herein, plaintiff alleges as follows:

> [e]very time petitioner goes to [the] doctor for a new medical problem petitioner is charged a co-payment for services. Petitioner contends that the present situation is a servitude state and therefore co-payments are unfair and commonly unusual.
>
> (Complt. at. p. 5)

Plaintiff seeks injunctive relief enjoining the unnamed medical director at NCCC from enforcing the co-payment policy in place at that facility and from charging him for over-the-counter medication as well.

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

---

See 09-CV-7646, 09-CV-7645, 09-CV-7643, 09-CV-7642, 09-CV-7641, 09-CV-7639, and 09-CV-7508.

The policy complained of by plaintiff is apparently a "co-pay" policy or a fee-for-service program which requires inmates with funds to bear part of the cost of their medical treatment. See LSA-R.S. 15:831(B). Courts that have considered such programs have routinely found them to be constitutionally permissible provided that they do not interfere with the timely and effective treatment of an inmate's serious medical needs. Watson v. Quarterman, 2008 WL 552447 at *12-13 (S.D. Tex. Feb. 27, 2008); Lewis v. Brazzel, 2007 WL 4624017 at *5-6 (W.D. La. Oct. 29, 2007); Wilkerson v. Champagne, 2003 WL 22872106 at *3 (E.D. La. Nov. 28, 2003); Hutchinson v. Belt, 957 F.Supp. 97, 99-100 (W.D. La. 1996). Prisoners enjoy no constitutional right to free medical care. Hutchinson, 957 F.Supp. at 100. It is only when needed medical care is denied to impecunious inmates that the Constitution is violated. Lewis, 2007 WL 4624017 at *5.

Like the plaintiff in Hutchinson, supra, Boyd does not allege that the fictitiously-named defendant was "deliberately indifferent" to his serious medical needs, only that the medical care that was provided to him was not free of charge. Hutchinson, 957 F.Supp. at 100. Nor does he allege that he has been denied medical care on any occasion because of an inability to make the required co-payment. Wilkerson, 2003 WL 22872106 at *3. A review of the inmate account activity printout attached to

3

plaintiff's complaint reveals that reasonable charges for medical care,ranging from $3.00 to $16.00, have been deducted from his account as funds become available. (Rec. doc. 1, pp. 4-5). Nothing in the Constitution, however, guarantees inmates the right to be entirely free from costs associated with medical treatment. Lewis, 2007 WL 462401 at *5. In light of the authorities set forth above, it will be recommended that plaintiff's complaint be dismissed pursuant to §1915(e)(2)(B)(i) and (ii). Id. at * 5-6; Wilkerson, 2003 WL 22872106 at *3-4.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

4

New Orleans, Louisiana, this  6th  day of     January      ,
2010 .

                                             ALMA L. CHASEZ
                            UNITED STATES MAGISTRATE JUDGE